1

2

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 06, 2021

SEAN F. McAVOY, CLERK

3

4

5

# UNITED STATES DISTRICT COURT

6

## EASTERN DISTRICT OF WASHINGTON

7   MICHAEL W.,[1]
                        Plaintiff,

No. 4:20-cv-05139-MKD

8

        vs.

9

10  ANDREW M. SAUL,
    COMMISSIONER OF SOCIAL
    SECURITY,

11                      Defendant.

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY
JUDGMENT AND DENYING
DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT

ECF Nos. 21, 22

12

        Before the Court are the parties' cross-motions for summary judgment.  ECF

13  Nos. 21, 22.  The parties consented to proceed before a magistrate judge.  ECF No.

14  6.  The Court, having reviewed the administrative record and the parties' briefing,

15

16

17

_____

18  [1] To protect the privacy of plaintiffs in social security cases, the undersigned

19  identifies them by only their first names and the initial of their last names.  *See*

20  LCivR 5.2(c).

ORDER - 1

1   is fully informed.  For the reasons discussed below, the Court grants Plaintiff's

2   motion, ECF No. 21, and denies Defendant's motion, ECF No. 22.

**JURISDICTION**

4   The Court has jurisdiction over this case pursuant to 42 U.S.C. § 405(g).

**STANDARD OF REVIEW**

6   A district court's review of a final decision of the Commissioner of Social

7   Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is

8   limited; the Commissioner's decision will be disturbed "only if it is not supported

9   by substantial evidence or is based on legal error."  *Hill v. Astrue*, 698 F.3d 1153,

10   1158 (9th Cir. 2012).  "Substantial evidence" means "relevant evidence that a

11   reasonable mind might accept as adequate to support a conclusion."  *Id*. at 1159

12   (quotation and citation omitted).  Stated differently, substantial evidence equates to

13   "more than a mere scintilla[,] but less than a preponderance."  *Id.* (quotation and

14   citation omitted).  In determining whether the standard has been satisfied, a

15   reviewing court must consider the entire record as a whole rather than searching

16   for supporting evidence in isolation.  *Id.*

17   In reviewing a denial of benefits, a district court may not substitute its

18   judgment for that of the Commissioner.  *Edlund v. Massanari*, 253 F.3d 1152,

19   1156 (9th Cir. 2001).  If the evidence in the record "is susceptible to more than one

20   rational interpretation, [the court] must uphold the ALJ's findings if they are

ORDER - 2

1  supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674

2  F.3d 1104, 1111 (9th Cir. 2012).  Further, a district court "may not reverse an

3  ALJ's decision on account of an error that is harmless." *Id.*  An error is harmless

4  "where it is inconsequential to the [ALJ's] ultimate nondisability determination."

5  *Id.* at 1115 (quotation and citation omitted).  The party appealing the ALJ's

6  decision generally bears the burden of establishing that it was harmed.  *Shinseki v.*

7  *Sanders*, 556 U.S. 396, 409-10 (2009).

8  **FIVE-STEP EVALUATION PROCESS**

9  A claimant must satisfy two conditions to be considered "disabled" within

10 the meaning of the Social Security Act.  First, the claimant must be "unable to

11 engage in any substantial gainful activity by reason of any medically determinable

12 physical or mental impairment which can be expected to result in death or which

13 has lasted or can be expected to last for a continuous period of not less than twelve

14 months."  42 U.S.C. § 423(d)(1)(A).  Second, the claimant's impairment must be

15 "of such severity that he is not only unable to do his previous work[,] but cannot,

16 considering his age, education, and work experience, engage in any other kind of

17 substantial gainful work which exists in the national economy."  42 U.S.C. §

18 423(d)(2)(A).

19 The Commissioner has established a five-step sequential analysis to

20 determine whether a claimant satisfies the above criteria.  *See* 20 C.F.R. §

ORDER - 3

404.1520(a)(4)(i)-(v).  At step one, the Commissioner considers the claimant's work activity.  20 C.F.R. § 404.1520(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled.  20 C.F.R. § 404.1520(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two.  At this step, the Commissioner considers the severity of the claimant's impairment.  20 C.F.R. § 404.1520(a)(4)(ii).  If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three.  20 C.F.R. § 404.1520(c).  If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled.  *Id.*

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity.  20 C.F.R. § 404.1520(a)(4)(iii).  If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits.  20 C.F.R. § 404.1520(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess

ORDER - 4

1    the claimant's "residual functional capacity."  Residual functional capacity (RFC),

2    defined generally as the claimant's ability to perform physical and mental work

3    activities on a sustained basis despite his or her limitations, 20 C.F.R. §

4    404.1545(a)(1), is relevant to both the fourth and fifth steps of the analysis.

5          At step four, the Commissioner considers whether, in view of the claimant's

6    RFC, the claimant is capable of performing work that he or she has performed in

7    the past (past relevant work).  20 C.F.R. § 404.1520(a)(4)(iv).  If the claimant is

8    capable of performing past relevant work, the Commissioner must find that the

9    claimant is not disabled.  20 C.F.R. § 404.1520(f).  If the claimant is incapable of

10   performing such work, the analysis proceeds to step five.

11         At step five, the Commissioner considers whether, in view of the claimant's

12   RFC, the claimant is capable of performing other work in the national economy.

13   20 C.F.R. § 404.1520(a)(4)(v).  In making this determination, the Commissioner

14   must also consider vocational factors such as the claimant's age, education, and

15   past work experience.  *Id.*  If the claimant is capable of adjusting to other work, the

16   Commissioner must find that the claimant is not disabled.  20 C.F.R. §

17   404.1520(g)(1).  If the claimant is not capable of adjusting to other work, analysis

18   concludes with a finding that the claimant is disabled and is therefore entitled to

19   benefits.  *Id.*

20

ORDER - 5

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that 1) the claimant is capable of performing other work; and 2) such work "exists in significant numbers in the national economy." 20 C.F.R. § 404.1560(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

**ALJ'S FINDINGS**

On October 26, 2017, Plaintiff applied for Title II disability insurance benefits alleging a disability onset date of January 5, 2017. Tr. 15, 70, 162-68. The application was denied initially and on reconsideration. Tr. 96-98, 100-02. Plaintiff appeared before an administrative law judge (ALJ) on August 5, 2019. Tr. 33-55. On September 26, 2019, the ALJ denied Plaintiff's claim. Tr. 12-32.

At step one of the sequential evaluation process, the ALJ found Plaintiff, who met the insured status requirements through December 31, 2022, has not engaged in substantial gainful activity since January 5, 2017. Tr. 17. At step two, the ALJ found that Plaintiff has the following severe impairments: cervical and lumbar injury, hypopituitarism, headaches, obesity, anxiety, and depression. *Id.*

At step three, the ALJ found Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed

ORDER - 6

1    impairment.  *Id.*  The ALJ then concluded that Plaintiff has the RFC to perform

2    sedentary work with the following limitations:

3        [Plaintiff] can lift/carry 10 pounds frequently and 20 pounds
         occasionally.  He can sit six hours and stand/walk two hours in an
4        eight-hour workday.  He must have the option to alternate between
         sitting and standing every 30 minutes for about 5 minutes at a time
5        while remaining at the workstation.  [Plaintiff] cannot climb ladders,
         ropes, or scaffolds.  He can occasionally climb ramps and stairs and
6        occasionally stoop.  He can never crouch, kneel, or crawl.  [Plaintiff]
         cannot have exposure to moving or dangerous machinery or to
7        unprotected heights.  [Plaintiff] can perform work in which
         concentration is not critical, defined as careful, exact evaluation and
8        judgment such as with detailed or fine work.  [Plaintiff] can perform
         tasks in a predictable work setting with no more than occasional
9        workplace changes.

10   Tr. 19.

11       At step four, the ALJ found Plaintiff is unable to perform any of his past

12   relevant work.  Tr. 24.  At step five, the ALJ found that, considering Plaintiff's

13   age, education, work experience, RFC, and testimony from the vocational expert,

14   there were jobs that existed in significant numbers in the national economy that

15   Plaintiff could perform, such as office helper, storage rental clerk, and house sitter.

16   Tr. 25.  Therefore, the ALJ concluded Plaintiff was not under a disability, as

17   defined in the Social Security Act, from the alleged onset date of January 5, 2017

18   through the date of the decision.  Tr. 26.

19

20

ORDER - 7

1       On June 25, 2020, the Appeals Council denied review of the ALJ's decision,

2   Tr. 1-6, making the ALJ's decision the Commissioner's final decision for purposes

3   of judicial review.  *See* 42 U.S.C. § 1383(c)(3).

4                                        **ISSUES**

5       Plaintiff seeks judicial review of the Commissioner's final decision denying

6   him disability insurance benefits under Title II of the Social Security Act.  Plaintiff

7   raises the following issue for review:

8       1.  Whether the ALJ conducted a proper step-five analysis.

9   ECF No. 21 at 3.

10                                     **DISCUSSION**

11  **A. Step Five**

12      Plaintiff contends the ALJ erred at step five.  ECF No. 21 at 5-12.  At step

13  five of the sequential evaluation analysis, the burden shifts to the Commissioner to

14  establish that 1) the claimant can perform other work, and 2) such work "exists in

15  significant numbers in the national economy."  20 C.F.R. § 404.1560(c)(2);

16  *Beltran*, 700 F.3d at 389.  In assessing whether there is work available, the ALJ

17  must rely on complete hypotheticals posed to a vocational expert.  *Nguyen v.*

18  *Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996).  The ALJ's hypothetical must be

19  based on medical assumptions supported by substantial evidence in the record that

20  reflects all of the claimant's limitations.  *Osenbrook v. Apfel*, 240 F.3d 1157, 1165

ORDER - 8

1  (9th Cir. 2001).  The hypothetical should be "accurate, detailed, and supported by

2  the medical record." *Tackett*, 180 F.3d at 1101.

3       The hypothetical that ultimately serves as the basis for the ALJ's

4  determination, i.e., the hypothetical that is predicated on the ALJ's final RFC

5  assessment, must account for all the limitations and restrictions of the claimant.

6  *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009).  As

7  discussed above, the ALJ's RFC need only include those limitations found credible

8  and supported by substantial evidence.  *Bayliss v. Barnhart*, 427 F.3d 1211, 1217

9  (9th Cir. 2005) ("The hypothetical that the ALJ posed to the VE contained all of

10  the limitations that the ALJ found credible and supported by substantial evidence

11  in the record.").  "If an ALJ's hypothetical does not reflect all of the claimant's

12  limitations, then the expert's testimony has no evidentiary value to support a

13  finding that the claimant can perform jobs in the national economy." *Id*.  However,

14  the ALJ "is free to accept or reject restrictions in a hypothetical question that are

15  not supported by substantial evidence."  *Greger v. Barnhart*, 464 F.3d 968, 973

16  (9th Cir. 2006).  Therefore, the ALJ is not bound to accept as true the restrictions

17  presented in a hypothetical question propounded by a claimant's counsel if they are

18  not supported by substantial evidence.  *Magallanes v. Bowen*, 881 F.2d 747, 756-

19  57 (9th Cir. 1989); *Martinez v. Heckler*, 807 F.2d 771, 773 (9th Cir. 1986).  A

20  claimant fails to establish that a step five determination is flawed by simply

ORDER - 9

restating argument that the ALJ improperly discounted certain evidence, when the record demonstrates the evidence was properly rejected. *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175-76 (9th Cir. 2008).

Here, the ALJ found Plaintiff was capable of performing "sedentary work as defined in 20 CFR 404.1567(a)" with additional limitations. Tr. 19. The additional limitations state Plaintiff can lift and carry 20 pounds occasionally and 10 pounds frequently. *Id.* Such lifting restrictions are consistent with light, rather than sedentary work. *See* 20 C.F.R. § 404.1567(a)-(b). The ALJ also found Plaintiff is capable of sitting six hours and standing/walking two hours in an eight-hour day. Tr. 19. Such standing/walking limitations are consistent with sedentary, rather than light work. *See* 20 C.F.R. § 404.1567(a)-(b). The ALJ also limited Plaintiff to jobs that would allow him to alternate between sitting and standing every 30 minutes for five minutes at a time. Tr. 19. As such, the RFC does not fit squarely into a sedentary nor light RFC label. *See* 20 C.F.R. § 404.1567(a)-(b).

Plaintiff argues the ALJ's RFC was disabling, as he limited Plaintiff to sedentary work, and the vocational expert testified there were no sedentary jobs that could be performed with the RFC the ALJ set forth. Tr. 19, 49-50; ECF No. 21 at 6-7. Defendant argues the ALJ's labeling of the RFC as a sedentary RFC, rather than a light RFC, was a scrivener's error and any error was harmless because

ORDER - 10

1  the vocational expert testified light jobs could be performed with the RFC set forth

2  by the ALJ.  ECF No. 22 at 2-5 (citing Tr. 50-51).

3      At the hearing, the vocational expert was asked if someone could perform

4  any jobs at the sedentary level, if the individual is limited to sedentary work and

5  they can lift/carry a maximum of ten pounds occasionally; can sit up to eight hours

6  and stand/walk two hours in an eight-hour workday; must have the option to

7  alternate between sitting and standing every 30 minutes for about 5 minutes at a

8  time while remaining at the workstation; cannot climb ladders, ropes, or scaffolds;

9  can occasionally climb ramps and stairs and occasionally stoop; can never crouch,

10  kneel, or crawl; cannot have exposure to moving or dangerous machinery or to

11  unprotected heights; can perform work in which concentration is not critical,

12  defined as careful, exact evaluation and judgment such as with detailed or fine

13  work; and can perform tasks in a predictable work setting with no more than

14  occasional workplace changes.  Tr. 48-49.  The vocational expert there were no

15  sedentary jobs available.  Tr. 50.  The ALJ then asked if there were any light jobs,

16  if the person was limited to light work, defined as lifting 20 pounds occasionally

17  and 10 pounds frequently, and the limitations were otherwise the same as the prior

18  RFC.  *Id.*  The vocational expert then stated office helper, storage rental clerk, and

19  house sitter were jobs available to someone with the RFC posed by the ALJ.  Tr.

20  50-51.

ORDER - 11

1    In his decision, the ALJ labeled the RFC "sedentary," and referred to the

2  regulations and rules that apply to sedentary RFCs in multiple locations in the

3  decision.  Tr. 19, 25.  However, the ALJ also wrote Plaintiff can lift and carry up to

4  20 pounds occasionally and 10 pounds frequently, which is inconsistent with a

5  sedentary RFC.  *See* Tr. 19.  The limitations contained in the RFC are identical to

6  the limited light RFC posed to the vocational expert, except the inclusion of the

7  word sedentary.  *Id.*, Tr. 50.  The vocational expert was not asked if someone could

8  perform any jobs in the national economy if they were limited to a sedentary RFC

9  and the additional limitations discussed *supra,* but they could lift/carry 20 pounds

10  occasionally and 10 pounds frequently.

11    While Defendant argues the inclusion of the word sedentary in the RFC is

12  clearly a scrivener's error, ECF No. 22 at 2-5, the Court agrees with Plaintiff's

13  argument that it is not clear from the ALJ's decision which portion of the RFC was

14  written in error.  The ALJ's alleged scrivener's error was not an isolated incident.

15  The ALJ labeled the RFC as a sedentary RFC, referenced the regulation for a

16  sedentary RFC, and referenced the medical-vocational rule for sedentary work.  Tr.

17  19, 24.  At step five, the ALJ discussed the range of sedentary work.  Tr. 25.

18  Given the repeated references to sedentary work, it is not clear that the ALJ's

19  inclusion of the word sedentary in the RFC was a scrivener's error.  *See Ramos v.*

20  *Colvin*, No. 3:13-CV-01214-MC, 2015 WL 769947, at *3 (D. Or. Feb. 23, 2015).

ORDER - 12

1    Defendant argues any error is harmless because the ALJ included a

2  limitation to lifting/carrying 20 pounds occasionally and 10 pounds frequently, and

3  the ALJ posed a hypothetical to the vocational expert that was identical to the

4  RFC, with the only difference being the inclusion of the word sedentary.  ECF No.

5  22 at 2-5.  Defendant argues that because the expert found Plaintiff was capable of

6  performing multiple jobs based on the lifting/carrying and additional limitations

7  posed at the hearing, and the ALJ included the identical limitations in the decision,

8  the error of labeling the RFC sedentary instead of light should be harmless.  *Id.*

9  However, as Plaintiff argues, the only difference between the two RFCs posed to

10  the expert is the lifting/carrying limitation and labeling of the RFC as light or

11  sedentary.  ECF No. 23 at 2-3.  Given the repeated use of the sedentary term,

12  sedentary regulation, and sedentary rule, compared against a single reference to

13  lifting/carrying 20 pounds occasionally and 10 pounds frequently, the Court cannot

14  discern that the use of the word sedentary was the scrivener's error rather than the

15  inclusion of the lifting limitation being the scrivener's error.  As the vocational

16  expert testified that a sedentary RFC would be disabling, Tr. 48-50, the inclusion

17  of the term sedentary in the RFC is outcome determinative, and thus was a harmful

18  error.  *See Ramos*, No. 3:13-CV-01214-MC, 2015 WL 769947, at *3 (citing

19  *Looman v. Colvin,* No. EDCV 13–193 JC, 2013 WL4500465, at *4 (C.D.Cal. Aug.

20  20, 2013), *Garcia v. Astrue*, No. CV–09–3074–JPH, 2010 WL 3729975, at *4

ORDER - 13

1    (E.D.Wash. Sept. 20, 2010)).  On remand, the ALJ is instructed to reconsider the

2    RFC and reconcile the ambiguities between the RFC, rules and regulations applied,

3    and representative jobs at step five.  The ALJ is further instructed to take new

4    vocational expert testimony.

5        Plaintiff also argues the ALJ erred in finding Plaintiff capable of performing

6    light jobs, as a sedentary RFC is the more appropriate RFC based on the medical

7    evidence and Plaintiff's testimony.  ECF No. 21 at 8.  However, Plaintiff did not

8    challenge the ALJ's reasons for rejecting the medical opinion evidence nor

9    Plaintiff's symptom claims.  Thus, any challenge to those findings is waived.  *See*

10   *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008)

11   (determining Court may decline to address on the merits issues not argued with

12   specificity); *Kim v. Kang*, 154 F.3d 996, 1000 (9th Cir. 1998) (the Court may not

13   consider on appeal issues not "specifically and distinctly argued" in the party's

14   opening brief).

15   **B. Remedy**

16       Plaintiff urges this Court to remand for an immediate award of benefits.

17   ECF No. 21 at 12.

18       "The decision whether to remand a case for additional evidence, or simply to

19   award benefits is within the discretion of the court."  *Sprague v. Bowen*, 812 F.2d

20   1226, 1232 (9th Cir. 1987) (citing *Stone v. Heckler*, 761 F.2d 530 (9th Cir. 1985)).

ORDER - 14

1   When the Court reverses an ALJ's decision for error, the Court "ordinarily must

2   remand to the agency for further proceedings." *Leon v. Berryhill*, 880 F.3d 1041,

3   1045 (9th Cir. 2017); *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) ("the

4   proper course, except in rare circumstances, is to remand to the agency for

5   additional investigation or explanation"); *Treichler v. Comm'r of Soc. Sec. Admin.*,

6   775 F.3d 1090, 1099 (9th Cir. 2014).  However, in a number of Social Security

7   cases, the Ninth Circuit has "stated or implied that it would be an abuse of

8   discretion for a district court not to remand for an award of benefits" when three

9   conditions are met.  *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014)

10  (citations omitted).  Under the credit-as-true rule, where (1) the record has been

11  fully developed and further administrative proceedings would serve no useful

12  purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting

13  evidence, whether claimant testimony or medical opinion; and (3) if the improperly

14  discredited evidence were credited as true, the ALJ would be required to find the

15  claimant disabled on remand, the Court will remand for an award of benefits.

16  *Revels v. Berryhill*, 874 F.3d 648, 668 (9th Cir. 2017).  Even where the three

17  prongs have been satisfied, the Court will not remand for immediate payment of

18

19

20

ORDER - 15

1    benefits if "the record as a whole creates serious doubt that a claimant is, in fact,

2    disabled." *Garrison*, 759 F.3d at 1021.

3         Plaintiff argues the case should be remanded for immediate benefits because

4    the ALJ's sedentary RFC is disabling.  ECF No. 21 at 12.  However, as discussed

5    *supra,* it is not clear from the ALJ's decision whether the use of the term sedentary,

6    or the lifting/carrying limitation, was the scrivener's error.  Plaintiff argues his

7    symptom claims and the opinion evidence supports a finding of disability but does

8    not present an argument as to how any specific opinion nor his symptom claims

9    meet the credit-as-true criteria.  As such, the case is remanded for further

10   proceedings consistent with this Order.

11                                  **CONCLUSION**

12        Having reviewed the record and the ALJ's findings, the Court concludes the

13   ALJ's decision is not supported by substantial evidence and is not free of harmful

14   legal error.  Accordingly, **IT IS HEREBY ORDERED**:

15        1. Plaintiff's Motion for Summary Judgment, **ECF No. 21**, is **GRANTED**.

16        2. Defendant's Motion for Summary Judgment, **ECF No. 22**, is **DENIED**.

17        3. The Clerk's Office shall enter **JUDGMENT** in favor of Plaintiff

18   REVERSING and REMANDING the matter to the Commissioner of Social

19   Security for further proceedings consistent with this recommendation pursuant to

20   sentence four of 42 U.S.C. § 405(g).

ORDER - 16

1    The District Court Executive is directed to file this Order, provide copies to

2  counsel, and **CLOSE THE FILE**.

3        DATED May 6, 2021.

4                             *s/Mary K. Dimke*
                              MARY K. DIMKE
5                    UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

ORDER - 17